IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LATOSHIA ANN THOMPSON**                                                                                          **PLAINTIFF**

v.                                                                                    CIVIL ACTION NO. 1:23-cv-33-TBM-RPM

**MOSSYSSIPPI, LLC** *doing business as*
*Gulfport Nissan and* **NISSAN MOTOR**
**ACCEPTANCE COMPANY, LLC**                                                                          **DEFENDANTS**

### ORDER SETTING IN-PERSON HEARING AND REQUIRING LATOSHIA ANN THOMPSON TO SHOW CASE WHY SHE CANNOT ATTEND IN PERSON

Now before the Court are Plaintiff Latoshia Ann Thompson's Motion to Dismiss [16], Motion for Jury Trial [23], Motion for Review of Magistrate Judge Order [28], Motion to Clarify Text Only Order on Motion to Withdraw as Attorney [32], and Motion for Subpoena and Directing Response from Defendant's Chief Executive Accounting Officer [40]. These Motions are set for an in-person hearing on October 2, 2023, at 1:30 p.m. in Courtroom 706 in Gulfport. Thompson must notify the Court by September 15, 2023, whether she plans to attend the motions hearing in person. If Thompson is unable to attend in person, she must show cause in writing by September 15, 2023, and provide specific reasons why her appearance in person cannot be accomplished. For clarity and completeness of the record, the Court will provide its reasoning for setting the pending motions for an in-person hearing below.

### I. BACKGROUND AND PROCEDURAL HISTORY

Latoshia Ann Thompson filed suit in the County Court of Harrison County on December 9, 2022, and the matter was timely removed. Thompson filed a Motion to Remand [4] and a Motion for Default Judgment [10], which the Court set for an in-person hearing on May 4, 2023. After receiving correspondence from Thompson, the Court reset the hearing from in-person to

telephonic. Thompson appeared telephonically and argued her motions, which the Court ultimately denied. [13]. These motions were baseless.

Following the Court's Order denying Thompson's Motion to Remand, United States Magistrate Judge Robert P. Myers conducted a routine Telephonic Case Management Conference in this matter—the purpose of which was to discuss a scheduling order and understand the parties' claims and defenses, among other issues. During the conference, Thompson used terms such as "we," "they," "the estate," and "family" when referring to the interests being asserted in her lawsuit. [29], pg. 1. Judge Myers questioned whether Thompson was asserting claims on behalf of other parties who may possess an interest in the subject vehicle, but Thompson refused to answer. *Id.* Given Thompson's "inability or unwillingness to respond with meaningful information to [Judge Myers'] questions," Judge Myers determined that the "telephonic conference deteriorated to the point where [he] believed that an in-person conference would be more productive." *Id.*; [20]. Judge Myers "asked Plaintiff whether there would be anything to prevent her from attending an in-person conference," but Thompson "refused to give reasons for her inability to attend." [29], pg. 2. Judge Myers terminated the telephonic conference and reset the Case Management Conference for an in-person conference to be held on July 13, 2023. [20]. Thompson filed a Motion [21] requesting a telephonic Case Management Conference, which Judge Myers denied because Thompson's "vague reference to a 'conflict' relating to 'Plaintiff's location' is not a sufficient basis for changing the in-person hearing to a telephonic hearing." [24].

Thompson then filed a Motion to Address Procedural Issue and for Reconsideration of Magistrate's Rulings [26], where she argued that Judge Myers lacked jurisdiction to conduct proceedings without first obtaining the parties' consent. Upon review, Judge Myers denied the

Motion. [27]. The in-person Case Management Conference was held as scheduled on July 13, 2023. Although Defense counsel appeared in-person, Thompson failed to appear. [29].

Judge Myers subsequently entered an Order to Show Cause [29] directing Thompson to show cause "why her lawsuit should not be dismissed for failure to prosecute and for failure to comply with the Court's orders to attend the in-person case management conference." [29], pg. 3. Although Thompson has filed numerous pleadings and motions since the entry of the Order to Show Cause, none are directly responsive to the Court's Order and certainly do not provide any necessary specifics. *See* [30]; [32]; [33]; [34]; [35]; [36]; [40]; [41]; [42].

## II. ORDER REQUIRING LATOSHIA ANN THOMPSON TO SHOW CAUSE WHY SHE CANNOT APPEAR IN PERSON

To date, Thompson has not provided the Court with particulars regarding her inability to attend in person. Instead, she cites a "conflict arising from the Plaintiff's location." [21]. But as discussed previously by Judge Myers, a mere conflict in her location alone is insufficient to conduct all proceedings in this matter remotely. Particularly when Thompson has potentially filed pleadings with the Clerk's office in-person. *See* [4]; [10].[1] The Court also notes that it is Thompson who filed this lawsuit, has filed a total of nine motions, and has requested a jury trial. So, it is unclear to this Court how Thompson intends to prosecute her case to such a vigorous extent from a telephone.

---

[1] Thompson is proceeding *pro se*, and while she has filed a Consent & Registration Form to Receive Documents Electronically [15], she does not have the ability to file documents electronically on PACER. Pursuant to the court's Administrative Procedures for Electronic Case Filing § 1.B.: "The [CM/ECF] system permits attorneys to file documents with the court from any location over the Internet. While all parties, including those proceeding pro se, may register with PACER to receive 'read only' accounts, *only registered attorneys, as officers of the court, are permitted to file electronically*." (Emphasis in original). Because Thompson cannot file documents electronically, she must either file documents in-person with the Clerk's office, or mail her pleadings to the Clerk's office for filing. When pleadings are mailed to the Clerk's office for filing, it is the Clerk's office practice to scan the envelope and file it as an attachment to the pleading. *See* [15-1]; [16-3]; [21-1]; [23-1]; [26-1]; [28-2]; [30-2]; [32-1]; [33-2]; [34-1]; [35-1]; [36-1]; [37-1]; [40-1]; [41-1]; [42-1]. Upon review of the record, Thompson's Motion to Remand [4] and Motion for Default Judgment [10] do not have an envelope filed as an attachment—unlike all other pleadings filed after May 11, 2023. It therefore appears to the Court that Thompson has filed at least two pleadings in-person during the pendency of this action.

3

Accordingly, Thompson must notify the Court by September 15, 2023, whether she plans to appear in-person on October 2, 2023. If Thompson is unable to attend in person, she must show cause in writing by September 15, 2023, and provide specific reasons why she cannot appear in-person to argue the Motions currently pending before the Court, including her:

- Motion to Dismiss [16]
- Motion for Jury Trial [23]
- Motion for Review of Magistrate Judge Order [28]
- Motion to Clarify Text Only Order on Motion to Withdraw as Attorney [32]
- Motion for Subpoena and Directing Response from Defendant's Chief Executive Accounting Officer [40]

Thompson is directed to provide specific reasons, and any supporting documentation, detailing why she cannot appear in person. Thompson is cautioned that merely citing a conflict with her location will be deemed insufficient. Because the record potentially demonstrates that Thompson has filed at least two Motions [4] [10] in person, Thompson is also directed to identify how many times she has been to the courthouse since filing her case. Thompson must explain why she was able to travel to the courthouse those times, but why such travel cannot be accomplished now.

Thompson is cautioned that failure to respond to the show cause order may result in dismissal of her lawsuit without further notice. Thompson's show cause response is due by September 15, 2023.

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Latoshia Ann Thompson's Motion to Dismiss [16], Motion for Jury Trial [23], Motion for Review of Magistrate Judge Order [28], Motion to Clarify Text Only Order on Motion to Withdraw as Attorney [32], and Motion for Subpoena and Directing Response from Defendant's Chief Executive Accounting Officer [40] are set for an in-person hearing on October 2, 2023, at 1:30 p.m. in Courtroom 706 in Gulfport.

IT IS FURTHER ORDERED AND AJUDGED that Latoshia Ann Thompson must notify the Court by September 15, 2023, whether she plans to appear in-person on October 2, 2023. If Thompson is unable to attend in person, she must show cause in writing by September 15, 2023, and provide specific reasons, and any supporting documentation, detailing why she cannot appear in-person on October 2, 2023, to argue her pending Motions.

This, the 1st day of September, 2023.

                                              TAYLOR B. McNEEL
                                              UNITED SATES DISTRICT JUDGE