IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LATOSHIA ANN THOMPSON**                                                                 **PLAINTIFF**

v.                                                            CIVIL ACTION NO. 1:23-cv-33-TBM-RPM

**MOSSYSSIPPI, LLC** *doing business as*
*Gulfport Nissan and* **NISSAN MOTOR**
**ACCEPTANCE COMPANY, LLC**                                                     **DEFENDANTS**

**ORDER**

This matter came before the Court *sua sponte* on Plaintiff Latoshia Ann Thompson's failure to comply with Court Orders and on Thompson's Motion to Dismiss [16], Motion for Jury Trial [23], Motion for Review of Magistrate Judge Order [28], Motion to Clarify [32], Motion for Subpoena [40], Motion to Strike [47], Motion to Strike [48], and Motion to Strike [53]; and Nissan Motor Acceptance Corporation's Motion to Strike [44]. At the hearing conducted on October 2, 2023, the Court, having considered the pleadings, the record, the oral arguments of the parties, and the relevant legal authority, announced on the record its detailed findings and conclusions.

Below is a brief summary of the Court's reasoning. It *does not* include the detailed and particularized findings and conclusions articulated from the bench.

The Court has entered three Orders to show cause in this matter, to which Thompson has failed to comply. [29]; [43]; [49]. Within these Orders, the Court directed Thompson to provide specific reasons detailing why her appearance in person could not be accomplished. Although Thompson filed responses to these Orders, she failed to provide particular reasons regarding her inability to appear in person to litigate this matter, as ordered by this Court.

This Court has the authority to dismiss an action for failure to prosecute or to obey a court order under Federal Rule of Civil Procedure 41(b) and the court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). Noncompliance with a court order includes both failing to respond and responding without following the Court's directions. *See Dunn v. Farrell,* 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of *pro se* plaintiff's complaint after he was ordered to file an amended complaint but filed many unrelated pleadings instead). Accordingly, for the reasons stated on the record in greater detail, the Court found that this matter should be dismissed without prejudice pursuant to Rule 41(b) for three reasons: (1) Thompson has demonstrated a record of delay; (2) Thompson has continued to file frivolous pleadings and advance baseless arguments; and (3) Thompson has repeatedly failed to respond to Court Orders.

The Court found that the record of delay began with Thompson's Motion to Remand [4] and subsequent Motion for Default Judgment [10], which were denied as baseless. Although these motions lacked any legal or factual basis, the Defendants were nevertheless obligated to respond, and a case management conference could not be scheduled until the motions were terminated. Thompson caused further delay when she refused to meaningfully participate during the telephonic case management conference, thus causing an in-person case management conference to be reset for a nearly one month later. Despite being ordered to attend the case management conference in person, Thompson failed to appear. To date, no case management conference has been scheduled due to Thompson's refusal to comply with Court Orders. As a result, this matter was pending for nearly eight months without a case management conference—despite multiple

attempts by the Court. For these reasons, and those explained more completely on the record, the Court found that Thompson has demonstrated a record of delay in this matter.

The Court also found that Thompson advanced frivolous arguments throughout her voluminous pleadings.[1] The Court explained that Thompson's Motion to Remand [4], Motion for Default Judgment [10], Motion for Telephonic Hearing [21], and Motion for Reconsideration [26] were previously denied—and all of the motions were frivolous. And at the hearing, the Court found that Thompson's Motion for Review of Magistrate Order [28] was frivolous, as Thompson did not cite any authority in support of her argument that United States Magistrate Judge Robert P. Myers could not conduct any proceedings in this matter, including a case management conference, without her consent. The Court also found Thompson's Affidavit [33], Affidavit [34], Affidavit [35], Motion for Subpoena [40], Motion Objecting to Opposing Counsel's Misrepresentation and Defamatory Actions and requesting sanctions [41], Motion to Strike [47], Motion to Strike [48], and Motion to Strike [50] were also frivolous or baseless.

Finally, the Court found that Thompson has repeatedly failed to respond to Court Orders. The Court explained that such failure includes her refusal to respond to Judge Myers' questions at the telephonic case management conference, her refusal to appear in person for the subsequent case management conference, and her failure to substantively respond to the first Order to Show Cause [29], the second Order to show cause [43], or the Third Order to Show Cause [49]. The Court further explained that not only was Thompson also evasive and non-responsive to the Court's questions at the hearing, she also told the Court that this was her first lawsuit in federal

---

[1] Since this matter was removed on February 8, 2023, Thompson has filed 17 pleadings, 12 of which were motions.

3

court when she has actually filed eight federal lawsuits.[2] For these reasons, and those articulated on the record, the Court found that this matter should be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that this case is DISMISSED WITHOUT PREJUDICE for failure to comply with Court Orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This, the 3rd day of October, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] Thompson has filed five cases in the Central District of California alone: 2:17-cv-3501-VBF-KS; 2:17-cv-3503-VBF-KS; 2:17-cv-7206-VBF-SS; 2:17-cv-7687-VBF-AFM; 2:17-cv-7883-VBF-KS. Thompson has also filed one case in the Eastern District of Louisiana, 2:22-cv-594-JTM-MBN, and one case in the Northern District of Illinois, 1:23-cv-798-MMP.